DENNIS AND JOANNE CERILLI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cerilli v. Commissioner
Docket No. 29422-81.
United States Tax Court
T.C. Memo 1983-773; 1983 Tax Ct. Memo LEXIS 9; 47 T.C.M. (CCH) 757; T.C.M. (RIA) 83773; December 27, 1983. Edward F. Peduzzi, Jr., for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment filed *10 pursuant to Rule 121. [1] Respondent seeks summary judgment as to deficiencies he has determined in petitioners' Federal income taxes for taxable years 1973 through 1977, inclusive, together with additions to tax, as follows: ADDITIONS TO TAX
YEAR
DEFICIENCY
SECTION 6653(b)
SECTION 6654
1973
$394.29
$375.29
1974
1,464.83
2,890.10
$133.68
1975
1,695.79
2,670.36
157.40
1976
1,570.14
2,134.85
100.54
1977
2,546.00
3,468.25
156.38
For each year at issue, the deficiencies are based upon respondent's disallowance of petitioners' deductions for meals and lodging and automobile expenses. The issues for decision on respondent's motion are: (1) whether petitioners incurred as ordinary and necessary expenses of petitioner's home improvement sales business, the meals and lodging and automobile expenses sought to be deducted for taxable years 1973 through 1977, inclusive; (2) whether *11 petitioners are liable for additions to yax under section 6654 for failure to pay estimated tax; and (3) whether petitioner, Dennis Cerilli, is liable for additions to tax under section 6653(b) for fraud. On December 4, 1983, petitioners, represented at that time by counsel, timely filed their petition challenging each of the foregoing deficiencies and additions to tax. Respondent answered on February 1, 1982, and on April 22, 1982, moved for entry of an order under Rule 37(c) that the undenied allegations in its answer be deemed admitted. On May 6, 1982, counsel for petitioners filed a motion to withdraw as counsel, and by Order dated May 7, 1982, that motion was granted. On June 16, 1983, respondent filed his first request for admissions, seeking petitioners' admission of certain facts pursuant to Rule 90. Petitioners failed either to reply to respondent's motion under Rule 37(c) or to attend a hearing held thereon on July 14, 1982, and by Order dated July 14, 1982, such motion was granted, resulting in the deemed admission of the undenied allegations of fact set forth in respondent's answer. Petitioners also failed to reply to respondent's request for admissions, resulting *12 in the deemed admission of the matters contained therein pursuant to Rule 90(c). See , affd. . Relying, in part, upon the foregoing deemed admissions, respondent on August 10, 1983, filed a motion for summary judgment under Rule 121 as to the deficiencies and additions to tax at issue, serving a copy thereof upon petitioners. Petitioners failed either to reply to such motion or to attend a hearing held on such motion on October 17, 1983. The following findings of fact are based upon our consideration of the entire record herein, including those matters deemed admitted by petitioners pursuant to Rules 37(c) and 90(c). Dennis Cerilli (hereinafter referred to as "petitioner") and Joanne Cerilli, husband and wife (hereinafter referred to, collectively, as "petitioners"), were residents of Pittsburgh, Pennsylvania, at the time of filing their petition herein. Petitioner graduated from Greensburg Central Catholic High School in Greensburg, Pennsylvania, and then attended Point Park College in Pittsburgh, Pennsylvania, for one year. In 1973, petitioner was employed *13 by the Commonwealth of Pennsylvania as a public school building inspector, for which he received wages. Beginning in lage 1973 and continuing through and including 1977, petitioner was in business as a free-lance home improvements salesman, leaving his employment with the Commonwealth of Pennsylvania sometime during 1973. During these years, petitioner was employed as an independent contractor by at least five different business concerns, receiving gross income from such business activities in each such year in the following amounts: YEAR
GROSS INCOME
1973
$6,822.00
1974
30,275.55
1975
26,547.41
1976
22,422.25
1977
32,622.04
Petitioner had filed Federal income tax returns for tax years 1970, 1971 and 1972. Petitioner failed, however, to timely file tax returns for tax years 1973 through 1977, inclusive, and on May 6, 1981, pleaded guilty to a two-count grant jury indictment charging him with willful failure to file Federal income tax returns for taxable years 1974 and 1975, in violation of section 7203. On September 8, 1978, some ten months after petitioner had first been contacted by respondent's agents concerning his failure to file income tax returns *14 for the years 1974, 1975 and 1976, petitioner filed Federal income tax returns, Forms 1040, for the years 1973 through 1977, inclusive. Petitioner was aware of his tax liability as of the due date for each of his returns for the years in issue, but failed in each such year to make any payments toward such tax liability. In addition, for tax years 1974 through 1977, inclusive, petitioner failed to file Federal estimated income tax returns, and made no payment of estimated tax. Petitioner failed to maintain or to submit for examination by respondent complete and accurate books of account and records of his income-producing activities for the years at issue. In addition, between November 1976, and April 1977, petitioner on several occasions advised respondent's agents that his joint returns for the years 1973, 1974 and 1975 had been filed. Such returns were not filed with respondent until September 8, 1978, and petitioner was aware that no such returns had been filed at those times during 1976 and 1977 when he advised respondent's agents otherwise. On their delinquently-filed returns, petitioners reported deductions, inter alia, for meals and lodging and automobile expenses, *15 as well as gross income deriving, for 1973 through 1974, inclusive, from petitioner's home improvement sales business, and additionally for 1973, from petitioner's employment with the Commonwealth of Pennsylvania and racetrack winnings, as follows: TAX
MEALS AND LODGING
AUTO EXPENSE
LIABILITY
YEAR
GROSS INCOME
DEDUCTION
DEDUCTION
REPORTED
1973
$8,524.24
$141.20
$1,500.00
$356.28
1974
30,275.55
1,800.00
4,770.00
4,315.37
1975
26,547.41
1,800.00
4,770.00
3,644.93
1976
22,422.25
2,100.00
4,770.00
2,699.56
1977
32,622.04
2,600.00
5,790.00
4,390.50
Petitioners challenge the deficiencies determined against them for each year at issue on the basis that the payments involved, which, according to petitioners, related to automobile and meals and lodging expenses incurred by petitioner and a number of his assistants in his home improvement sales business, constituted deductible payments incurred in such business. On June 16, 1983, respondent requested petitioners' admissions that each of the payments at issue "were in fact never incurred as ordinary and necessary business expenses." As discussed supra, these requested *16 admissions are now deemed admitted by petitioners pursuant to Rule 90(c). Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. ; . Pursuant to Rule 121(d), if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or denials of his pleading, failing to set forth specific facts showing that there is a genuine issue for trial, a decision may be entered against him. Applying these standards to the deficiencies herein, in light of the foregoing facts, we conclude that petitioners' own deemed admissions that none of the payments at issue were incurred as ordinary and necessary expenses of petitioner's home improvement sales business, establish the nondeductibility of such payments under section 162. No other basis for the deduction of such amounts having been suggested *17 by petitioners, we conclude that no genuine issue as to any material fact remains with respect to respondent's deficiency determinations, and that respondent's motion for summary judgment thereon should be granted. We turn next to the fraud additions at issue, which respondent seeks to have determined solely against petitioner, Dennis Cerilli, and not against his wife, Joanne Cerilli. In this regard, petitioner has been deemed to have admitted, and we have found, that petitioner was aware of his tax liability as of the due date of each of his returns for the tax years in issue. Petitioner filed Federal income tax returns for the three taxable years prior to the taxable year 1973, but then failed in each of the taxable years in issue to timely file a return or to make any payment toward his tax liabilities, indicating a fraudulent intent. ; . Further indications of fraud are found herein in petitioner's deemed admissions that he failed to maintain complete and accurate books and records relating to his income-producing activities during *18 the years in issue; and that, at least as to tax years 1973, 1974 and 1975, he intentionally made false and misleading statements to respondent's agents concerning the filing of his returns. On the strength of petitioner's deemed admissions under Rules 37(c) and 90(c), we conclude that a portion of the underpayment of tax required to be shown on petitioners' returns for each of the tax years at issue was due to fraud on the part of petitioner, Dennis Cerilli. See (wherein fraud was proven on the basis of matter deemed admitted under section 37(c)). [2] No genuine issue as to this addition therefore remains, and a decision for respondent may be rendered thereon as a matter of law. We must determine, finally, whether any genuine issue remains herein as to respondent's determination of additions to tax for tax years 1974 through 1977, inclusive, for petitioners' failure to pay estimated tax. In their petition, petitioners challenged these additions *19 solely on the basis that "[a]ny underestimation of tax by the Petitioners' [sic] was as a result of believing all the deductions filed by Petitioners' [sic] would be approved." The imposition of an addition to tax under section 6654(a) with respect to an underpayment of such tax is automatic, without regard to the reason therefor. [3] Accordingly, no genuine issue exists concerning respondent's imposition of the additions to tax under section 6654(a) for tax years 1974 through 1977, inclusive. Respondent's motion for summary judgment should be granted. An appropriate order and decision will be entered.
Footnotes
1. All statutory references herein are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all references to the Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. See also (wherein fraud was proven on the basis of matter deemed admitted under section 90(c)).↩
3. See .↩